UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 C 2629 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| FRANK MACK, CITY OF CHICAGO, and | ) | |
| UNKNOWN OFFICERS OF | ) | |
| THE CHICAGO POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

Defendants Frank Mack and the City of Chicago (collectively, the "City") move to dismiss several counts of Plaintiff Robert Boyd's Civil Complaint (the "Complaint"), which seeks to hold the City and various unknown officers liable under federal and state law for Boyd's July 31, 2005 arrest and subsequent prosecutions. The City contends that several counts of Boyd's Complaint should be dismissed because the claims contained in those counts are time-barred by the applicable statutes of limitations.

### I. BACKGROUND

According to the Complaint, on July 31, 2005, Defendant Mack and other unknown officers (collectively, the "Officers") executed a fraudulent warrant, then searched Boyd's home, where they claimed to have found guns, cocaine, and marijuana. Compl. ¶¶ 7-10. The Officers arrested Boyd the same day. *Id.* ¶ 11. On July 31, 2006 – exactly one year after the initial search – the Officers searched the apartment of Boyd's acquaintance, where they found additional drugs, for which Boyd was also charged. *Id.* ¶¶ 14-16. Prosecutions ensued. The Officers failed to come to several court dates;

eventually, the first charges against Boyd were dismissed on March 13, 2008, and the second charges were likewise dismissed on June 3, 2008. *Id.* ¶ 17.

On April 30, 2009, Boyd brought this suit. The Complaint sets forth four federal law claims: Unlawful Search and Seizure (Count I); False Arrest and Unlawful Detention (Count III); Conspiracy (Count IV); and Due Process (Count VI). The Complaint also sets forth three state law claims: Intentional Infliction of Emotional Distress (Count II); Malicious Prosecution (Count V); and *Respondeat Superior* (Count VII).

## II. LEGAL STANDARD

Rule 12(b)(6) allows a defendant to seek dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the court must "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [the plaintiff's] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Legal conclusions, however, are not entitled to any assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. ____, 129 S. Ct. 1937, 1940 (2009). The plaintiff need not plead particularized facts, but the factual allegations in the complaint must be sufficient to "state a claim to relief that is plausible on its face . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A statute of limitations defense, while not normally part of a motion under Rule 12(b)(6), is appropriate where 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations.'" *Andonissamy v.*

2

*Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)).

### III. ANALYSIS

The City moves to dismiss "plaintiff's Fourth, Fourteenth Amendment [*sic*], state law Malicious Prosecution and Intentional Infliction of Emotional Distress claims." Mot. 1. The court addresses these arguments in turn.

**A.     Federal Law Claims**

    1.     <u>Unlawful Search and Seizure (Count I)</u>

Boyd brings his unlawful search claim under 42 U.S.C. § 1983 based on an alleged violation of his rights under the Fourth and Fourteenth Amendments. Defendant argues that this claim must be dismissed as time-barred. *Id.* To resolve whether the statute of limitations bars Boyd's § 1983 claim, the court must determine: under federal law, when Boyd's claim accrued; which state statute of limitations applies; and whether any state tolling doctrine applies to extend the limitations period. *Wallace v. City of Chi.*, 440 F.3d 421, 424 (7th Cir. 2006), *aff'd sub nom. Wallace v. Kato*, 549 U.S. 384 (2007).

Boyd's unlawful search claim accrued on July 31, 2005, when the Officers allegedly unlawfully searched his home; once the unlawful search occurred, Boyd had a complete and present cause of action. Compl. ¶¶ 7, 20; *see also Kato*, 549 U.S. at 388. His cause of action is governed by Illinois' two-year statute of limitations, which applies to § 1983 actions arising from injuries alleged to have been suffered in Illinois. *See Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008). Boyd filed his Complaint on April 30, 2009, more than two years after the accrual of his unlawful search claim. Recognizing as much, Boyd urges that the statute of limitations should be tolled under theories of equitable tolling, defendant misconduct, fraudulent concealment, and

equitable estoppel. Resp. 4. Each such theory is based on the allegation that "Defendant Officers deliberately withheld evidence that is vital to the pursuit of Boyd's civil rights case . . . ." *Id.* 6, 7, 8.

Boyd admits that he "was well aware of his innocence" regardless of any evidence withheld by the Officers. *Id.* 8. He also does not establish any connection between the failure of the Officers to appear in court, or their alleged withholding of evidence, and his pursuit of his unlawful search claim. Indeed, it is readily apparent that Boyd was aware that his home was searched unlawfully.

Boyd has failed to allege the sort of "extraordinary circumstances" that justify equitable tolling of the statute of limitations. *Savoy v. Lyons*, 469 F.3d 667, 673 (7th Cir. 2006). Boyd likewise has failed to allege that he was unaware of his unlawful search claim, or that The City prevented his discovery of that claim, such that tolling based on fraudulent concealment is inappropriate. *Clay v. Kuhl*, 727 N.E.2d 217, 223 (Ill. 2000). Finally, while Boyd has alleged the Officers' misconduct, and that he delayed in filing suit, he has failed to establish that the misconduct *caused* the delay. Consequently, tolling the statute of limitations based on defendant misconduct or equitable estoppel is inappropriate. *Shropshear v. Corp. Counsel of City of Chi.*, 275 F.3d 593, 597 (7th Cir. 2001).[1]

In sum, the court finds that tolling of the statute of limitations on Boyd's unlawful search claim is inappropriate here. Therefore, the City's Motion to Dismiss is granted with respect to Count I.

---

[1] Boyd's various policy arguments that his claims are not time-barred are similarly unpersuasive. Resp. 9-12. He cites no case that would undermine the clear precedent governing the applicable statute of limitations on § 1983 claims.

### 2. False Arrest and Unlawful Detention (Count III)

Boyd also brings his false arrest claim under § 1983 based on an alleged violation of his rights under the Fourth and Fourteenth Amendments. A false arrest claim "begins to run at the time the claimant becomes detained pursuant to legal process," and is subject to a two-year statute of limitations. *Kato*, 549 U.S. at 397; *Wallace*, 440 F.3d at 425. The City maintains, and Boyd does not dispute, that Boyd's false arrest claim accrued more than two years before he filed suit. Mem. 3; Resp. 2, 4. Rather, as with his unlawful search claim, Boyd asserts that the running of the limitations period for his false arrest claim should be tolled. Resp. 4. These assertions are unavailing. Boyd knew that he was arrested, and wrongly so. He does not allege that the City or any unnamed officers concealed his false arrest cause of action from him, and fails to establish any causation between the Officers' alleged misconduct and his delay in filing suit. Consequently, Boyd's false arrest claim is time-barred, and Count III of his Complaint is dismissed.

### 3. Conspiracy (Count IV)

In Count IV, Boyd alleges that the Officers "knowingly conspired to falsely search, arrest, jail and prosecute Robert Boyd without justification or probable cause," in violation of the Fifth and Fourteenth Amendments and 42 U.S.C. §§ 1983 and 1985. Compl. ¶¶ 39, 40. In specifically moving for dismissal of "plaintiff's Fourth, Fourteenth Amendment [*sic*], state law Malicious Prosecution and Intentional Infliction of Emotional Distress claims," the City did not move for dismissal of Count IV. Mot. 1, 2. Although

the City, in its memorandum, asks that the entire case be dismissed, it makes no argument concerning this count. Count IV, accordingly, is not dismissed.[2]

### 4. Due Process (Count VI)

The City has moved for – and Plaintiff has conceded – dismissal of Count VI of the Complaint. Mot. 1; Resp. 1. Therefore, Count VI is dismissed.

## B. State Law Claims

### 1. Intentional Infliction of Emotional Distress (Count II)

Boyd also asserts several claims under Illinois law, including an intentional infliction of emotional distress claim. The City responds that this claim is time-barred by the one-year limitation period provided in the Tort Immunity Act. 745 Ill. Comp. Stat. 10/8-101 (West 2008).

As with Boyd's federal law claims, the question is when his state law claims accrued. Courts in this district formerly held that an intentional infliction of emotional distress claim based on facts alleged in a parallel claim for malicious prosecution accrued only when the state criminal proceedings terminated. *See Caroccia v. Anderson*, 249 F. Supp. 2d 1016, 1028 (N.D. Ill. 2003) (collecting cases and noting that "courts in this district have consistently held" that accrual occurs on termination of criminal proceedings). However, in *Evans v. City of Chi.*, 434 F.3d 912, 934 (7th Cir. 2006), the Seventh Circuit rejected such a rule. The court instead applied the "doctrine of continuing violation" to an intentional infliction of emotional distress claim predicated on malicious prosecution, and found that such a claim accrues on "the last possible date of a

---

[2] Because Count IV, which is based on violations of federal law, remains, the court declines to relinquish supplemental jurisdiction over the remaining state law claims. *See* Mem. 8.

6

tortious act" against the plaintiff, and not necessarily on the termination of the criminal proceedings. *Id.* at 935.

Applying *Evans*, Boyd's allegations require application of the doctrine of continuing violation. Boyd alleges that the latter of his two drug charges was not dismissed until June 3, 2008, but does not state whether the Officers' allegedly tortious conduct continued until the second dismissal, or terminated at some earlier point. Compl. ¶¶ 17, 48. Drawing all reasonable inferences in favor of Boyd, the Officers' alleged conduct could have continued beyond April 30, 2008, and therefore within one year of the filing of Boyd's Complaint. The City's Motion to Dismiss is therefore denied with respect to Count II.

### 2. Malicious Prosecution (Count V)

As with Count II, the City urges that Boyd's state law malicious prosecution claim is barred by the one-year limitations period of the Tort Immunity Act. "A cause of action for malicious prosecution does not accrue until the criminal proceeding on which it is based has been terminated in plaintiff's favor." *Ferguson v. City of Chi.*, 820 N.E.2d 455, 459 (Ill. 2004) (internal citation omitted). Therefore, Boyd's causes of action for malicious prosecution accrued on March 13, 2008 and June 3, 2008, the two dates on which Boyd alleges that the charges against him were dismissed. Compl. ¶ 48. Unlike the intentional infliction of emotional distress claim, which can be characterized as a "continuing violation," a malicious prosecution claim comprised of several underlying suits should be analyzed for statute of limitations purposes according to the termination date of each underlying suit. *See, e.g.*, *Evans v. City of Chi.*, No. 00-CV-7222, 2001 WL 1028401, at *10 (N.D. Ill. Sept. 6, 2001). Boyd does not cite any case in which multiple prosecutions were treated collectively for statute of limitations purposes, and this court

declines to apply such a rule. Boyd's claim for malicious prosecution arising from the first charges against him is clearly time-barred, while his claim arising from the latter charges is not. The Court therefore dismisses Count V, but grants Boyd leave to re-file in a manner consistent with this opinion.³

## IV. CONCLUSION

For the reasons stated above, the City's Motion to Dismiss is granted in part and denied in part. The City's Motion to Dismiss is denied with respect to Count II, and granted with respect to Counts I, III, V, and VI. Plaintiff is granted fourteen days to file an amended complaint consistent with this opinion.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: October 9, 2009

---

³ The City also asserts that Count V should be dismissed because Boyd "fails to allege the termination of the case was indicative of innocence." Mem. 8. In his Complaint, Boyd alternately alleges that that he "was acquitted," (Compl. ¶ 17) and that the charges against him "were dismissed." Compl. ¶ 48. The City's suggestion of "an alternative reason" for termination of the criminal proceedings – the Officers' failure to appear in court – is insufficient to warrant dismissal. Mem. ¶ 8. Drawing all reasonable inferences in Boyd's favor, he adequately alleges that the termination of the case was indicative of innocence.